**Noel Palma NERI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75526.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Noel Palma Neri, Santa Barbara, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., William C. Minick, Esq., Stacy S. Paddack, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Noel Palma Neri, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' decision adopting and affirming an immigration judge's denial of his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.

Neri waived any challenge to the agency's determination that he failed to satisfy the requisite continuous physical presence for cancellation of removal by failing to address it in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues not specifically raised and argued in a party's opening brief are waived).

Neri contends that IIRIRA's elimination of suspension of deportation relief violated his constitutional rights. We disagree because Neri has no substantive due process right to discretionary relief from removal or deportation. *See Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003) (holding that there is no liberty interest in discretionary forms of relief from deportation).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Even assuming Neri had a protected liberty or property interest in suspension relief, Congress had a rational reason for enacting more stringent requirements for illegal immigrants seeking discretionary relief from deportation. *See, e.g., Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001) (" '[l]ine-drawing' decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose"). Neri's equal protection claim also fails. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163 (9th Cir.2002) (requiring alien to show that classification was wholly irrational).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.